SEYMOUR FAMILY LAW
Brent D. Seymour (SBN 148737)
821 E. 2nd St., Ste. 203
Benicia, CA 94510
(707) 747-2700

Attorneys for Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SITTING AS A TREATY TRIBUNAL UNDER
ARTICLE III SECTION 2 OF THE UNITED STATES CONSTITUTION
CONCURRENT JURISDICTION CONFERRED BY 42 U.S.C. 11601 ET SEQ.

| | |
|---|---|
| AVRAHAM ARMOZA, | Case No. 3:14-cv-04766-MEJ |
| Petitioner, | [PROPOSED] ORDER AND JUDGMENT |
| vs. | |
| MELISSA KAMINS ARMOZA, | |
| Respondent. | |

The Convention on the Civil Aspects
of International Child Abduction,
done at the Hague on 25 Oct. 1980 [The Convention]
---------------
International Child Abduction Remedies Act
42 U.S.C. 11601 et seq.

---

**WHEREAS**

1.     Petitioner (hereinafter, "Avi") and Respondent (hereinafter, "Melissa") were divorced in Israel on May 2007 and have 3 minor children - N born 2001, E born 2002 and L born 2002 who were all born in Israel. The three minor children resided in Israel until August 31, 2012 at which time they came to the United States with Melissa. The original plan was that she and the children would return to Israel in July of 2013.  Melissa did not return the children to Israel and they have remained living with Melissa in Novato, California.

2.     Avi claimed that the children were illegally retained in California.  On October 14, 2014, Avi brought this action pursuant to 22 USC §§9001 et seq., The International Child Abduction Remedies Act, which enacts the Hague Convention on the Civil Aspects of International Child Abduction done at the Hague on 25 October 1980 (Convention), seeking the return of the children to Israel.  Melissa responded denying some of the allegations and raising several defenses, including that Avi agreed in March 2013 that the girls would remain living in California with Melissa.

3.     On April 13, 2015, a settlement conference was held, the Hon. U.S. Magistrate Judge, Nandor Vadas, presiding.  Melissa attended in person with her attorney, Brent D. Seymour.  Avi's attorney, Richard Helzberg, attended and Avi was in attendance by telephone from Israel.  On January 13, 2016 second settlement conference was held, the Hon. U.S. Magistrate Judge, Nandor Vadas, presiding.  Melissa attended in person with her attorney, Brent D. Seymour.  Avi attended in person with his attorney, Richard Helzberg.

4.     The parties have reached an agreement to settle the Hague Convention action and set forth a plan for custody and visitation going forward.

**THE  TERMS OF THE PARTIES' AGREEMENT ARE:**

1.     For the purposes of this action and any other action arising under the Hague Convention, the habitual residence of the three minor children, N, E and L is the United States.

2. The children shall live with Melissa in California.

3. Avi shall have frequent and ongoing contact and visitation with the children. Specifically, Avi shall have visitation as follows:

   i. Each summer, starting in 2016, Avi shall have the children for up to 3 weeks in Israel. The parties shall mutually agree upon the date that the three weeks shall commence.

   ii. Each year, starting in 2016, the children shall visit Avi in Israel, either during the either during the President's Week school break or the Spring Break, at Avi's discretion, taking into consideration the children's wishes, and with sufficient advance notice to Melissa. The visit shall be 10 days, such that the children leave for Israel on the Friday that school gets out and return the Sunday before school starts.

   iii. Avi may visit the children in California for an additional two ten day periods each year. Avi will give Melissa at least 30 days notice of his visit.

   iv. Avi shall be permitted regular telephone contact with the children. The parties shall agree upon a time for a weekly call, however Avi shall not be restricted from calling at other times.

4. The costs of the children's airfare for the Israel visits shall be shared equally by the parties. To accomplish that:

   i. In odd years, Melissa shall purchase the tickets for the spring trip to Israel and Avi shall reimburse her 50% of the cost. Reimbursement is due before the children travel.

   ii. In even years, Melissa shall purchase the tickets for the summer trip to Israel and Avi shall reimburse her 50% of the cost. Reimbursement is due before the children travel.

   iii. In even years, Avi shall purchase the tickets for the spring trip to Israel and Melissa shall reimburse him 50% of the cost. Reimbursement is due before the children travel.

   iv. In odd years, Avi shall purchase the tickets for the summer trip to Israel and Melissa shall reimburse him 50% of the cost. Reimbursement is due before the children travel.

5. Avi shall bear the costs of his trips to the United States to visit the children.

6. Avi shall have this agreement, translated into Hebrew and shall petition the Israeli court to accept a mirror order changing the residency of the 3 minor children to the United States and setting forth visitation in accordance with this agreement. This order shall supersede the previous custody and visitation order issued by the Israeli court as part of the parties' divorce. No provisions of the divorce, other than residency, custody and visitation, shall be altered by this agreement. The parties shall co-operate in filing the papers in Israel and shall provide each other with copies of the papers for review before they are filed.

7. Issuance of the mirror order by the Israeli court is a pre-requisite to the children's travel to Israel. Until the mirror order is in place and filed with the United States District Court, the children are not permitted to travel to Israel.

8. This agreement shall terminate with respect to each child when she reaches the age of 18.

9. The U.S. District Court, Northern District of California shall retain jurisdiction over the parties and this agreement. U.S. Magistrate Judge, Nandor Vadas shall hear and decide all issues arising from this agreement, including the interpretation and enforcement of the agreement. No other court in the United States or Israel shall have exclusive or concurrent jurisdiction over any matters affected by this agreement.

**GOOD CAUSE APPEARING, IT IS HERBEBY ORDERED:**

The terms of the parties' agreement, as stated above shall become the ORDER and JUDGMENT of the COURT.

Dated: September 26, 2016

Hon. Maria-Elena James
United States Magistrate Judge

[PROPOSED] ORDER AND JUDGMENT

-5-